UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A10-00465-DMD<br><br>SHAWN ANDREW RUDNICK<br>fdba Conquest Construction,<br><br>Debtor. | Chapter 7<br><br>**Filed On**<br>**9/21/11** |
| CATHY LOUGHLIN,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN ANDREW RUDNICK,<br><br>Defendant. | Adversary No. A10-90021-DMD |

## MEMORANDUM ON ATTORNEY'S FEES

The plaintiff has filed a motion for attorney's fees in the sum of $31,128.00. The defendant has filed an opposition to the amount of attorney's fees claimed by the plaintiff. Rather than object to individual billing entries, the defendant objects to totals set forth in certain categories of fees from the declaration of Swan Ching dated September 5, 2011.[1] I will review each of the objections.

Mr. Ching claims 8.3 hours of time for researching applicable law prior to filing a complaint. As a bankruptcy attorney, Mr. Ching should know the law. While there are some unique nuances to this case, 8.3 hours is an unreasonable charge. I will allow four hours out of the 8.3 hours claimed.

---

[1] Docket No. 37.

Mr. Ching seeks 11.9 hours of time for preparation of the complaint. The complaint was only a seven-page document. I agree with the defendant that five hours is an adequate amount of time for drafting a dischargeability complaint. My allowance of fees will be adjusted accordingly.

Mr. Ching seeks allowance of 2.5 hours of time for reviewing the defendant's bankruptcy file. One hour is appropriate for reviewing a no-asset Chapter 7 file.

Mr. Ching seeks allowance of 6.6 hours for an application for a default judgment and hearing. Mr. Ching was awarded and paid a $350.00 sanction as a result of the application. No additional fees should be payable.

Mr. Ching has 12.9 hours of time listed for the deposition of Mr. Rudnick. I find the hours reasonable and will not reduce them. Mr. Ching had to prepare for the deposition which lasted nearly three hours. His charges are reasonable.

Mr. Ching spent 36.8 hours on a summary judgment motion and reply brief, and an opposition to the defendant's motion to dismiss. Mr. Ching's time was well spent, even though he did not prevail on his motion for summary judgment. Mr. Ching was diligent and the pleadings he prepared were thoughtfully and capably presented. Mr. Johansen's objections to these hours are not well taken.

Mr. Ching claims 18.4 hours for trial "and related doc review & exhibits." The trial took seven hours. I do not see how Mr. Ching computed this category. I will allow ten hours of the 18.4 hours claimed.

Mr. Ching's final category of hours is called "Hours on overlapping duties." This is an odd category. Mr. Ching claims 19.8 hours for it. I do not know what Mr. Ching is claiming through this category. I cannot allow fees based upon such a vague description. Zero hours will be allowed for "overlapping duties."

Mr. Ching asked for attorney's fees of $31,128.00. My review of his fee application shows that he has made mathematical errors, and the correct amount of his fee application is $33,610.01 for attorney's fees. I will deduct 47.5 hours at $195.00 an hour, or $9,262.50, from his application. Attorney's fees of $24,347.50 are allowed.

DATED: September 21, 2011

                                      BY THE COURT

                                      /s/ Donald MacDonald IV
                                      DONALD MacDONALD IV
                                        United States Bankruptcy Judge

Serve:  C. Johansen, Esq.
         S. Ching, Esq.

09/21/11